Federation of Orgs. for the NY State Mentally Disabled, Inc. v Lindsay (2023 NY Slip Op 51092(U))

[*1]

Federation of Orgs. for the NY State Mentally Disabled, Inc. v Lindsay

2023 NY Slip Op 51092(U)

Decided on October 16, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 16, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, Michael, JJ.

570812/23

Federation of Organizations for the New York State Mentally Disabled, Inc. 
 a/k/a Federation of Organizations, Petitioner-Appellant,
against
Antoine Lindsay, Respondent-Respondent.

Petitioner appeals from an order of the Civil Court of the City of New York, Bronx County (Omer Shahid, J.), dated April 3, 2023, which granted respondent's preanswer motion to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Omer Shahid, J.), dated April 3, 2023 reversed, with $10 costs, motion denied, petition reinstated and the matter remanded to Civil Court for further proceedings.
Respondent's CPLR 3211(a) motion to dismiss the holdover petition should have been denied. The 30-day notice of termination served by petitioner, which informed respondent that petitioner elected to terminate the (unregulated) tenancy and that a refusal of respondent to vacate would lead to summary proceedings, was a sufficient predicate for this summary proceeding. The notice tracks the language of Real Property Law § 232-a, "which does not require a landlord to state the precise grounds for eviction" (Matter of Arc on 4th St. Inc. v Quesada, 112 AD3d 431, 432 [2013], lv dismissed 23 NY3d 953 [2014]; see Park Summit Realty Corp. v Frank, 107 Misc 2d 318, 321 [App Term, 1st Dept 1980], affd 84 AD2d 700 [1981], affd 56 NY2d 1025 [1982]).
The previously served Thirty Day Notice of Default specified the lease provision tenant allegedly violated and the facts giving rise to that violation, i.e. he assaulted the superintendent and threatened to kill the staff of the management company, and was reasonable in view of all attendant circumstances (see Hughes v Lenox Hill Hosp., 226 AD2d 4, 17 [1996], lv denied 90 NY2d 829 [1997]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 16, 2023